UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CLEMENTINA FUENTES-PUCILLO,
individually and as parent and next friends
of their minor daughter, Nina Pucillo,
deceased, JON E. PUCILLO, individually
and as parent and next friends of their
minor daughter, Nina Pucillo, deceased,

        Plaintiffs,

-vs-                        Case No.  5:05-cv-134-Oc-10GRJ

TENET HEALTH SYSTEM HOSPITALS,
INC. a foreign corporation d/b/a Seven
Rivers Community Hospital, CITRUS
COUNTY, FLORIDA, a political subdivision
of the State of Florida by and through it's
Board of County Commissioners, RYAN
GLAZE, and JEFFREY J. DAWSY, Sheriff
of Citrus County, Florida, a Constitutional
Officer,

        Defendants.
_____

**O R D E R**

This action is before the Court on Defendant Ryan Glaze's motion to dismiss (Doc. 4)[1] and Defendant Seven Rivers Community Hospital's motion to dismiss (Doc. 6). The Plaintiffs, Clementina Fuentes-Pucillo and Jon E. Pucillo, claim that the Defendants falsely imprisoned them and engaged in outrageous conduct when they refused to allow the Plaintiffs to see their critically-ill ten-month-old daughter in the hours before her death and

---

[1] Defendant Glaze's motion to dismiss was also filed on behalf of Defendant Citrus County, Florida. A stipulated dismissal was filed with respect to the Plaintiffs' claims against Citrus County (Doc. 20).

instead detained the Plaintiffs in a separate room at the hospital. For the reasons that follow, the Defendants' motions to dismiss are due to be denied.

## Background and Facts[2]

This case arises out of the tragic death of Nina Pucillo when she was just ten months old. On December 6, 2001, Nina became ill, and her parents, the Plaintiffs, summoned emergency medical services. EMS transported Nina to the Seven Rivers Community Hospital ("the Hospital") in Citrus County, and the Plaintiffs followed her there. Although Nina showed no signs of neglect or abuse, Citrus County Sheriff Deputies, including Deputy Sheriff Ryan Glaze, "with the knowledge, cooperation, assistance, complicity[,] consent" and "direction of one or more of the Hospital's staff"[3] isolated and detained the Plaintiffs in a tiny room in the Hospital away from their daughter. Deputy Glaze and other deputies forced the Plaintiffs to stay in the tiny room, even though the Plaintiffs were not attempting to interfere with Nina's medical treatment. The Plaintiffs were not permitted to see their daughter in her last hours and were kept uninformed of her condition and treatment. When Nina eventually died, the Plaintiffs were allowed only three minutes with her body and were not permitted to touch her or retrieve her belongings. Afterwards, Deputy Glaze and others subjected the Plaintiffs to several hours of "aggressive accusatory interrogations." The deputies searched the Plaintiffs' home and seized their personal

---

[2] The following facts are alleged in the Plaintiffs' amended complaint (Doc. 10) and are accepted as true for purposes of ruling on the motions to dismiss. See, e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[3] Amended Complaint Doc. 10, ¶¶ 10 & 8.

property. An autopsy later revealed that Nina had died from a medical condition known as fibromuscular dysplasia of the coronary arteries and that her death was not caused by abuse or neglect.

The amended complaint (Doc. 10) is framed in three counts. Count one is against all Defendants for false imprisonment. Count two is for intentional infliction of severe emotional distress and is against all Defendants. Count three is a claim under 42 U.S.C. § 1983 and the Florida Constitution against Citrus County, Sheriff Jeffrey Dawsy, and Deputy Glaze.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[4]  As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[5] Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[6]

---

[4] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968).

[5] Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[6] Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

3

**Discussion**

Defendant Glaze moves to dismiss the amended complaint on the ground that the Plaintiffs, as parents of the deceased child, do not have standing to assert claims on her behalf because only the child's personal representative may do that. A review of the amended complaint shows that the Plaintiffs are not asserting any claims on behalf of their deceased daughter. Accordingly, the motion is due to be denied.

The Hospital moves to dismiss the Plaintiffs' false imprisonment and intentional infliction of emotional distress claims. It first argues that the false imprisonment claim should be dismissed because the Plaintiffs have not alleged that the Hospital procured the unlawful detention. The Florida Supreme Court has held that "under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers."[7] The Fourth District Court of Appeal has held that "[m]erely providing information to the authorities that a violation of law occurred is not sufficient to support an action for false arrest."[8] According to the allegations in the amended complaint, the detention was made "with the knowledge, cooperation, assistance, complicity[,] consent" and "direction of one or more of the Hospital's staff."[9] Therefore, the Plaintiffs have alleged that the Hospital did more than merely provide

---

[7] Pokorny v. First Fed. Sav. & Loan Ass'n of Largo, 382 So. 2d 678, 681 (Fla. 1980).

[8] Harris v. Kearney, 786 So. 2d 1222, 1225 (Fla. 4th DCA 2001).

[9] Amended Complaint Doc. 10, ¶¶ 10 & 8.

information to the Citrus County Deputies; it actively sought to have the Plaintiffs detained. Accordingly, the false imprisonment claim will not be dismissed.

The Hospital next argues that the intentional infliction of emotional distress claim should be dismissed because the allegations in the complaint do not rise to the level of outrageous conduct sufficient to state a claim. Under Florida law a plaintiff must prove four elements in order to recover for intentional infliction of emotional distress: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe."[10] According to the amended complaint, which must be accepted as true, the Hospital, *without any reasonable basis for doing so*, refused to allow the Plaintiffs to see or give comfort to their ten-month-old child during the several hours that she lay dying, and instead caused the Plaintiffs to be wrongfully detained and interrogated by law enforcement. The Plaintiffs further allege that the Hospital deliberately kept the Plaintiffs uninformed of their daughter's condition and treatment, and gave them only three minutes with her body before it was removed for autopsy. These allegations are sufficient to state a claim for intentional infliction of emotional distress.

---

[10] Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985)).

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that the Defendants' motions to dismiss (Docs. 4 & 6) are DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 15th day of June, 2005.

UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record
            Maurya McSheehy